940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Percy A. GREGORY, Jr., Plaintiff-Appellant,
v.
Ann E. NEYDON, Representing Electrical Workers Fringe
Benefit Funds, Defendant-Appellee.
 No. 91-1232.
 United States Court of Appeals, Sixth Circuit.
 July 25, 1991.
 
 Before RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Percy A. Gregory, Jr., appeals the district court's summary judgment in favor of the defendant in this civil action filed pursuant to 28 U.S.C. Secs. 1331, 1343, and 1346. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On March 1, 1990, plaintiff filed a pro se complaint against Ann E. Neydon, who represented the Electrical Workers Fringe Benefit Funds (defendant). Plaintiff alleged that the defendant, in response to a Notice of Levy, improperly paid over money held on behalf of plaintiff to the Internal Revenue Service (IRS). Plaintiff claimed he was not indebted to the IRS for any sum of money, and that the payment by defendant to the IRS was a violation of the defendant's fiduciary obligation to him. Plaintiff further complained that the Notice of Levy issued by the IRS was "illegal, unconstitutional, immoral oppressive, dictatorial, and a usurpation of power and authority." Plaintiff claimed that as a result of the IRS having issued the Notice of Levy without the prior institution of legal proceedings, he was deprived of his property without due process of law. Plaintiff sought an order from the district court directing the defendant to pay to plaintiff benefits attached by the IRS, releasing the Notice of Levy on all accounts that plaintiff had with defendant, and granting $100,000 in punitive damages along with costs and disbursements and further relief as the court deemed just and proper.
 
 
 3
 On December 11, 1990, the district court granted defendant's motion for summary judgment and denied plaintiff's motion for summary judgment. The district court found: 1) that plaintiff failed to state a cause of action with respect to the conspiracy claim raised under 28 U.S.C. Sec. 1343, see Griffin v. Breckenridge, 403 U.S. 88, 102-3 (1971); 2) that the IRS Notice of Levy procedure under which plaintiff's benefits were levied upon was constitutional and in compliance with 26 U.S.C. Sec. 6331, see State Bank of Fraser v. United States, 861 F.2d 954, 957-58 (6th Cir.1988); and 3) that defendant was immune from suit under 26 U.S.C. Sec. 6332(d). State Bank of Fraser, 861 F.2d at 958.
 
 
 4
 On December 26, 1990, plaintiff filed a motion for reconsideration pursuant to Eastern District of Michigan Local Court Rule 17(m)(3). By order of January 15, 1991, the district court denied plaintiff's motion because it merely presented the same issues already ruled upon by the court. Plaintiff filed a timely appeal.
 
 
 5
 Upon review, and for the reasons stated by the district court in its memorandum opinion and order dated December 11, 1990, we conclude that there was no genuine issue of material fact and that the defendant was entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.